

ORIGINAL

FILED

FEB 1 1 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  JOHN E. PEER - State Bar No. 95978
   jpeer@woollspeer.com
2  H. DOUGLAS GALT - State Bar No. 100756
   dgalt@woollspeer.com
3  **WOOLLS & PEER**
   A Professional Corporation
4  One Wilshire Boulevard, 22nd Floor
   Los Angeles, California 90017
5  Telephone:  (213) 629-1600
   Facsimile:  (213) 629-1660
6
7  Attorneys for Plaintiff
   Century Surety Company
8
9             **UNITED STATES DISTRICT COURT**
10           **NORTHERN DISTRICT OF CALIFORNIA**

DMR

11
12  Century Surety Company, an Ohio          **C**ase No.:**13     0593**
    Corporation,
13
                 Plaintiff,
14                                           COMPLAINT FOR DECLARATORY
    v.                                       RELIEF AND RECOUPMENT
15
16  Acer Hotel, a general parnership, Benzir
    Shaikh, an individual, Anwar Shaikh, an
    individual, Handlery Hotels, Inc., a
17  corporation, Terry White, an individual, and
    Joseph J. Ferreira, an individual,
18
                 Defendants.
19

20
21       Comes now plaintiff Century Surety Company, pursuant to Federal Rules of
22  Civil Procedure Rule 57and the Uniform Declaratory Judgments Act, and alleges
23  against defendants Acer Hotel, Benzir Shaikh, Anwar Shaikh, Handlery Hotels, Inc.,
24  Terry White and Joseph J. Ferreira as follows:
25
26                            JURISDICTION
27       1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332,
28  because there is complete diversity of citizenship among the parties and because the

WOOLLS & PEER
A Professional Corporation
One Wilshire Boulevard, 22nd Floor
Los Angeles, California 90017

1

[CASE NO.:]
COMPLAINT

324719.1

1   amount in controversy, exclusive of interest and costs, exceeds $75,000.

2       2.    Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2)

3   because the events giving rise to the claim occurred in this District.

4       3.    At all times relevant hereto, Plaintiff Century Surety Company

5   ("Century") was and is a corporation organized and existing under the laws of the

6   State of Ohio, with its principal place of business in Michigan.   Century is and has

7   been authorized to do business in the State of California.

8       4.    Century is informed and believes and thereon alleges that, at all times

9   relevant hereto, defendant Acer Hotel was and is a general partnership organized and

10   existing under the laws of the State of California, with its principal place of business

11   in California.

12       5.    Defendant Benzir Shaikh ("Benzir") is an individual and a partner of

13   Acer Hotel.   Century is informed and believes and thereon alleges that, at all times

14   relevant hereto, Benzir has resided in the State of California.

15       6.    Defendant Anwar Shaikh ("Anwar") is an individual and a partner of

16   Acer Hotel.   Century is informed and believes and thereon alleges that, at all times

17   relevant hereto, Anwar has resided in the State of California.

18       7.    Defendant Terry White ("White") is an individual.   Century is informed

19   and believes and thereon alleges that, at all times relevant hereto, White has resided in

20   the State of California.

21       8.    Defendant Joseph Ferriera ("Ferriera") is an individual.   Century is

22   informed and believes and thereon alleges that, at all times relevant hereto, Ferriera

23   has resided in the State of California.

24       9.    Century is informed and believes that Defendant Handlery Hotels, Inc.

25   ("Handlery") is a corporation organized and existing under the laws of the State of

26   California, with its principal place of business in California.

27   / / /

28   / / /

WOOLLS & PEER
A Professional Corporation
One Wilshire Boulevard, 22ⁿᵈ Floor
Los Angeles, California 90017

2

GENERAL ALLEGATIONS

10.    White and Ferriera commenced an action in San Francisco Superior Court, case no. CGC-12-520019 ("the Liability Action").

11.    On November 26, 2012, White and Ferreira filed their First Amended Complaint in the Liability Action.  A true and correct copy of the First Amended Complaint is attached hereto as exhibit 1.  In their First Amended Complaint, White and Ferreira allege:

> Plaintiffs . . . were residents of The Acer Hotel, a Single Room Occupancy ("SRO") hotel at 280 O'Farrell Street in San Francisco, California, on April 15, 2010, to whom defendants owed a duty of care. Defendant Handley Hotels, Inc., owned The Acer Hotel, and, at all relevant times, leased it to Anwar Shaikh and Benazir Shaikh . . . who did business as The Acer Hotel . . . and operated The Acer Hotel. Robert Turner ("Turner") had been a resident of The Acer Hotel, and was known by . . . Handley, . . . Anwar, . . . Benazir, . . . The Acer Hotel, and all other Does . . . to be a dangerous and erratic person who was a threat to himself and others due to alcohol abuse, drug addiction, mental illness and a history of mentally [sic] illness, and prior criminal acts of violence and a history of violence . . . . Notwithstanding this, Defendants . . . allowed Turner to be a resident of The Acer Hotel. . . . On the morning of April 15, 2010, White and Ferreira were in their room and Turner was in the stairway area on the floor inhabited by White and Ferreira. White exited his room [and] had to pass Turner to get to the bathroom. Armed with a knife, turner approached White from behind and attempted to murder White by stabbing him repeatedly. Turner inflicted life-threatening stab wounds to White during a prolonged attack. Defendants . . . had done nothing to prevent the attack. Ferreira and another resident heard White's screams and came to his aid. . . . Ferreira, fearful of being victimized also, retreated back into his room and called 911. . . . Defendants . . . did nothing to be aware of the attack and did nothing to immediately end it. [Ex. 1, p.. 4.]

12.    Based on these factual allegations, White and Ferreira assert against Acer Hotel, Benazir, Anwar and Handley the following claims for relief: (i) general negligence, (ii) premises liability, and (iii) negligent infliction of emotional distress. They seek general and special damages and punitive damages.  [Ex. 1.]

3

WOOLLS & PEER
A Professional Corporation
One Wilshire Boulevard, 22nd Floor
Los Angeles, California 90017

[CASE NO.:]
COMPLAINT

WOOLLS & PEER
A Professional Corporation
One Wilshire Boulevard, 22nd Floor
Los Angeles, California 90017

13.     As alleged, the Liability Action arises out of an incident that occurred on April 15, 2010, at the Acer Hotel, 280 O'Farrell Street, San Francisco, CA. ("the Incident").

14.     Acer Hotel was an insured under Century policy no. CCP592034 ("the Policy").  The Policy was in force for the period September1, 2009, to September 1, 2010.

15.     The Policy provides commercial general liability coverage under form CG 0001 12 07.  Under that coverage form, Century is obligated to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  Century also has "the right and duty to defend the insured against any 'suit' seeking those damages.  However, [Century has] no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

16.     The Policy defines the insured as: "If you are designated in the Declarations as: . . . b. A partnership or joint venture, you are an insured.  Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business."

17.     The Policy also identifies as an "additional insured" Headley Hotel Partnership "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [Acer Hotel] and shown in the Schedule . . . ."  Nowhere in the Policy is  Handlery Hotels, Inc., identified as an "insured" or "additional insured."

18.     The Policy's general liability coverage is subject to an endorsement written on form CGL 1704 (02/06) ("the Assault & Battery Exclusion").  The Assault & Battery exclusion provides:

> 1.     This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from:
> (a)     any actual, threatened or alleged assault or battery;

4

324719.1

(b)    the failure of any insured or anyone else for whom any insured is or could be held liable to prevent or suppress any assault or battery;

(c)    the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;

(d)    the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;

(e)    the negligent:

      (i)    employment;

      (ii)    investigation;

      (iii)    supervision;

      (iv)    training;

      (v)    retention;

    of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1.(a), (b), (c) or (d) above;

(f)    any other cause of action or claim arising out of or as a result of 1.(a), (b), (c), (d) or (e) above.

2.    We shall have no duty to defend or indemnify any claim, demand, suit, action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:

(a)    any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.

(b)    any actual or alleged injury arises out off a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury.

(c)    any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.

3.    For purposes of this endorsement the words assault and battery are intended to include, but are not limited to, sexual assault.

19.    Acer Hotel, Benazir, Anwar and tendered the Liability Action to Century under the Policy. Century accepted the tender of Acer Hotel, Benazir and Anwar and assumed their defense while reserving all rights to dispute coverage.

WOOLLS & PEER
A Professional Corporation
One Wilshire Boulevard, 22nd Floor
Los Angeles, California 90017

[CASE NO.:]
COMPLAINT

324719.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOLLS & PEER
A Professional Corporation
One Wilshire Boulevard, 22nd Floor
Los Angeles, California 90017

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief Against All Defendants)

20.    Century incorporates the allegations made in paragraphs 1 – 19 above.

21.    An actual controversy has arisen and now exists between Century on the one hand and Acer Hotel, Benazir, Anwar, White, Ferreira and Handlery, on the other hand, as to Century's rights and obligations under the Policy.  Defendants contend that Century has a duty to defend Acer Hotel, Benazir, Anwar and Handlery in the Liability Action and a duty to pay any judgment that may be entered.  Century contends that there is no potential that the claims alleged in the Liability Action were on account of damages covered under the Policy and that Century, therefore, has no duty to defend or indemnify any of the defendants.

22.    Century seeks a declaration of its rights and obligations under the Policy with respect to the Liability Action and the Judgment.

## SECOND CLAIM FOR RELIEF

### (Against Acer Hotel, Benazir and Anwar, for Recoupment of Defense Costs Paid)

23.    Century incorporates the allegations made in paragraphs 1- 19 above.

24.    At the request of Acer Hotel, Benazir and Anwar, Century has incurred costs to defend them in the Liability Action.  Century was not contractually obligated to provide them with a defense.  In providing the defense, Century reserved the right to seek recoupment of all expenses incurred in the defense.  Having established that no defense was owed, Century is entitled to recoupment of all defense costs paid.

## PRAYER FOR RELIEF

Wherefore, Century prays for:

1.    a judgment declaring that Century had no obligation under the Policy to defend Live SF in the Liability Action;

2.    a judgment declaring that Century has no obligation under the Policy to

6

pay the Judgment;

  3.  an award of damages against Acer Hotel, Benazir and Anwar for fees and costs incurred defending them in the Liability Action;

  4.  an award of Century's costs of suit; and

  5.  such additional relief as the Court deems just and proper.

DATED: February 8, 2013      WOOLLS & PEER
                 A Professional Corporation


                 JOHN E. PEER
                 H. DOUGLAS GALT
                 Attorneys for Plaintiff
                 Century Surety Company

WOOLLS & PEER
A Professional Corporation
One Wilshire Boulevard, 22nd Floor
Los Angeles, California 90017

7

[CASE NO.:]
COMPLAINT

324719.1

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Frank Z. Leidman      SB#96294 <br> Law Offices of Frank Z. Leidman <br> 345 Franklin Street, Suite 105 <br> San Francisco    CA   94102 <br> TELEPHONE NO: (415) 982-0321   FAX NO. *(Optional):* (415) 982-7495 <br> E-MAIL ADDRESS *(Optional):* Frank@LeidmanLaw.com <br> ATTORNEY FOR *(Name):* Plaintiffs Terry White and Joseph J. Ferreira | ENDORSED <br> F I L E D <br> San Francisco County Superior Court <br><br> NOV 2 6 2012 <br><br> CLERK OF THE COURT <br> By: _____ RONNIE OTERO <br> Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco    CA   94102
BRANCH NAME:

PLAINTIFF: Terry White, and Joseph J. Ferreira

DEFENDANT: Handlery Hotels, Inc., a California corporation, and
Doe Entities 51 to 100

[X] DOES 1 TO   50

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| [X] AMENDED *(Number):* First Amended Complaint <br> **Type** *(check all that apply):* <br> [ ] MOTOR VEHICLE   [ ] OTHER *(specify):* <br>    [ ] Property Damage   [ ] Wrongful Death <br>    [X] Personal Injury   [ ] Other Damages *(specify):* | |
| **Jurisdiction** *(check all that apply):* <br> [ ] ACTION IS A LIMITED CIVIL CASE <br> Amount demanded   [ ] does not exceed $10,000 <br>      [ ] exceeds $10,000, but does not exceed $25,000 <br> [X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000) <br> [ ] ACTION IS RECLASSIFIED by this amended complaint <br>    [ ] from limited to unlimited <br>    [ ] from unlimited to limited | CGC-12-520019 |

1. Plaintiff *(name or names):* Terry White and Joseph J. Ferreira
   alleges causes of action against **defendant** *(name or names):*
   Handlery Hotels, Inc., a California corporation, Does 1 to 50, and Doe Entities 51 to 100

2. This pleading, including attachments and exhibits, consists of the following number of pages: 10

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe):*
        (3) [ ] a public entity *(describe):*
        (4) [ ] a minor [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify):*
        (5) [ ] other *(specify):*
   b. [ ] except plaintiff *(name):*
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity *(describe):*
        (3) [ ] a public entity *(describe):*
        (4) [ ] a minor [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify):*
        (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use <br> Judicial Council of California <br> PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury; Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| White, et al. v. Handlery Hotels, Inc., et al. | CGC-12-520019 |

4. ☐ Plaintiff (name):

    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ **except** defendant (name): Handlery Hotels, Inc.
    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

c. ☒ **except** defendant (name): Doe Entities 51 to 70
    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

b. ☒ **except** defendant (name): Doe Entities 71 to 80
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☒ an unincorporated entity (describe):
    a partnership
    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

d. ☐ **except** defendant (name): Doe Entities 81 to 100
    (1) ☒ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):

    (5) ☐ other (specify):

☒ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. ☒ Doe defendants (specify Doe numbers): ___1 to 100___ were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. ☒ Doe defendants (specify Doe numbers): ___1 to 100___ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because

a. ☒ at least one defendant now resides in its jurisdictional area.
b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, **and**
a. ☐ has complied with applicable claims statutes, **or**
b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
©EB

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| White, et al. v. Handlery Hotels, Inc., et al. | CGC-12-520019 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☒ Other *(specify)*:
   Negligent Infliction of Emotional Distress

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify)*:
   According to proof.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☒ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: November 26, 2012

FRANK Z. LEIDMAN
(TYPE OR PRINT NAME)

▶ _Frank Z. Leidman_
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

©EB

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001 [Rev. January 1, 2007]

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| White, et al. v. Handlery Hotels, Inc., et al. | CGC-12-520019 |

<u>    First    </u>    **CAUSE OF ACTION—General Negligence**    Page    <u>4</u>
    (number)

ATTACHMENT TO   [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Terry White and Joseph J. Ferreira

     alleges that defendant *(name):* Handlery Hotels, Inc., a California corporation

         [X] Does    <u>1</u>   to   <u>100</u>

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* April 15, 2010

at *(place):* The Acer Hotel, 280 O'Farrell Street, San Francisco

*(description of reasons for liability):*

Plaintiffs Terry White (hereafter "White") and Joseph J. Ferreira (hereafter "Ferreira") were residents of The Acer Hotel, a Single Room Occupancy ("SRO") hotel at 280 O'Farrell Street in San Francisco, California on April 15, 2010, to whom defendants owed a duty of care. Defendant Handlery Hotels, Inc. owned the The Acer Hotel, and, at relevant times, leased it to Anwar Shaikh and Benazir Shaikh, individuals named as Does 1 and 2, respectively, who did business as The Acer Hotel, a business organization of form unknown named as Doe 81, and operated The Acer Hotel. Robert Turner (hereafter "Turner") had been a resident of The Acer Hotel, and was known by Defendants Handlery Hotels, Inc., a California corporation (hereafter "Handlery"), Anwar Shaikh, Benazir Shaikh, The Acer Hotel, and all other Does, and each of them, including to be a dangerous and erratic person who was a threat to himself and others due to alcohol abuse, drug addiction, mental illness and a history of mentally illness, and prior criminal acts of violence and a history of violence. including but not limited to prior criminal convictions, including murder, prior arguments and altercations, and past incarceration in mental illness facilities. Notwithstanding this, Defendants and each of them allowed Turner to be a resident of The Acer Hotel. Notwithstanding this, Defendants and each of them failed to maintain adequate security at The Acer Hotel. Notwithstanding this, Defendants and each of them failed to warn White and Ferreira of the danger that Turner posed to their safety. Further, sometime days before April 15, 2010, Defendants and each of them locked Turner out of his SRO room at The Acer Hotel yet permitted him to remain on the premises, and to enter and exit The Acer Hotel. On the morning of April 15, 2010, White and Ferreira were in their room and Turner was in the stairway area on the floor inhabited by White and Ferreira. White exited his room to use the common bathroom located in the hallway on his floor. White had to pass Turner to get to the bathroom. Armed with a knife, Turner approached White from behind and attempted to murder White by stabbing him repeatedly. Turner inflicted life-threatening stab wounds to White during a prolonged attack. Defendants and each of them had done nothing to prevent the attack. Ferreira and another resident heard White's screams and came to his aid. Both emerged from their rooms and witnessed the attack. Ferreira, fearful of being victimized also, retreated back into his room and called 911. The other resident intervened to prevent further stabbing by Turner and White's murder. Defendants and each of them did nothing to be aware of the attack and did nothing to immediately end it.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
     **CAUSE OF ACTION—General Negligence**      ⊕EB      Code of Civil Procedure 425.12
*www.courtinfo.ca.gov*

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| White, et al. v. Handlery Hotels, Inc., et al. | CGC-12-520019 |

_____Second_____ **CAUSE OF ACTION—Premises Liability**     Page ____5____
(number)

ATTACHMENT TO   [X] Complaint    [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Terry White and Joseph J. Ferreira
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* April 15, 2010       plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):*

Plaintiffs White and Ferreira were guests at The Acer Hotel, a Single Room Occupancy ("SRO") hotel, at 280 O'Farrell Street in San Francisco, California on April 15, 2010. On that date, White was attacked, and Ferreira witnessed that attack, by Turner, who used a knife during a prolonged stabbing attack to inflict multiple, life-threatening stab wounds on White. See also Attachment 1, hereby incorporated.

Prem.L-2.   [X] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*

Handlery Hotels, Inc., The Acer Hotel (names as Doe 81), Anwar Shaikh (named as Doe 1) and Benazir Shaikh (named as Doe 2)
[X] Does ____3____ to ____100.____

Prem.L-3.   [X] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

Handlery Hotels, Inc., The Acer Hotel (names as Doe 81), Anwar Shaikh (named as Doe 1) and Benazir Shaikh (named as Doe 2)
[X] Does ____3____ to ____100____
Plaintiff, a recreational user, was [ ] an invited guest [X] a paying guest.

Prem.L-4.   [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

[ ] Does _____ to _____
a. [ ]   The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ]   The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

Handlery Hotels, Inc., The Acer Hotel (names as Doe 81), Anwar Shaikh (named as Doe 1) and Benazir Shaikh (named as Doe 2)
[X] Does ____3____ to ____100____

b. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b [X] as follows *(names):*

Does 3 to 100, for reasons currently unknown and to be determined.

Page 1 of 1

**CAUSE OF ACTION—Premises Liability**    ℂEB    Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

MC–025

| SHORT TITLE: White, et al. v. Handlery Hotels, Inc., et al. | CASE NUMBER: CGC-12-520019 |
|---|---|

ATTACHMENT (Number): _____1_____     Page _6_ of _____

*(This Attachment may be used with any Judicial Council form.)*     *(Add pages as required)*

1

2   Plaintiffs hereby incorporate into the Second Cause of Action for Premises Liability each and every allegation

3   made in the First Cause of Action for Negligence, as if set forth in full in the Second Cause of Action.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   *(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT
to Judicial Council Form**

MC–025

| SHORT TITLE:<br>White, et al. v. Handlery Hotels, Inc., et al. | CASE NUMBER:<br>CGC-12-520019 |
|---|---|

**ATTACHMENT** *(Number):* _____2_____     **Page** _7_ **of** _____

*(This Attachment may be used with any Judicial Council form.)*     *(Add pages as required)*

Third Cause of Action - Negligent Infliction of Emotional Distress

Plaintiffs hereby incorporate into this Third Cause of Action for Negligent Infliction of Emotional Distress each and every allegation made in the First Cause of Action for Negligence and the Second Cause of Action for Premises Liability, as if set forth in full in this Third Cause of Action.

Defendants and each of them engaged in negligent conduct in permitting Turner on their premises when Defendants knew, or should have known, of the danger of the premises as maintained and of Turner's dangerous propensities. Defendants' failure to eliminate or warn of such dangers is a substantial factor in causing Plaintiffs fear and distress. A reasonable person would be unable to cope with the mental distress caused by the negligent conduct of Defendants. Plaintiff Ferreira suffered shock to his nervous system and serious emotional distress caused by the fright of exposure to imminent peril and witnessing the gruesome stabbing of Plaintiff White. Plaintiff Ferreira's serious emotional distress was proximately causes by the negligence of Defendants and each of them.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use<br>Judicial Council of California<br>MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

MC–025

| SHORT TITLE:<br>White, et al. v. Handlery Hotels, Inc., et al. | CASE NUMBER:<br>CGC-12-520019 |
|---|---|

ATTACHMENT *(Number):* ____3____     Page __8__ of ____

*(This Attachment may be used with any Judicial Council form.)*     *(Add pages as required)*

1

2   DEMAND FOR JURY TRIAL

3   Plaintiffs hereby demand a trial by jury.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   *(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under*
*penalty of perjury.)*

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| White, et al. v. Handlery Hotels, Inc., et al. | |

ATTACHMENT *(Number):* 4 _____

*(This Attachment may be used with any Judicial Council form.)*

VERIFICATION BY PLAINTIFF TERRY WHITE

I, Terry White, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: ~~April 12~~, Nov. 26, 2012 _____
TERRY WHITE

* * * * *

VERIFICATION BY PLAINTIFF JOSEPH J. FERREIRA

I, Joseph J. Ferreira, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: ~~April 12~~, Nov. 26, 2012 _____
JOSEPH J. FERREIRA

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 9 of _____
*(Add pages as required)*
www.courtinfo.ca.gov

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

ATTACHMENT
to Judicial Council Form

MC–025

| SHORT TITLE:<br>White, et al. v. Handlery Hotels, Inc., et al. | CASE NUMBER:<br>CGC-12-520019 |
|---|---|

ATTACHMENT (Number): _____5_____     Page __10__ of _____

*(This Attachment may be used with any Judicial Council form.)*     *(Add pages as required)*

ACER HOTEL is a business entity of a form unknown which is listed in a filing dated August 30, 2006 as a fictitious business entity in File No. 2006 0296712-00 filed with the City and County of San Francisco as owned by "SHAIKH ANWAR."

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov
CEB