1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10

CENTURY SURETY COMPANY,
a corporation,

11

No. C 13-00593 WHA

            Plaintiff,

12

    v.

13

**ORDER GRANTING LEAVE
TO FILE THIRD-PARTY
COMPLAINT AND
VACATING HEARING**

ACER HOTEL, a general partnership,
BENAZIR SHAIKH, an individual, ANWAR
SHAIKH, an individual, HANDLERY HOTELS,
INC., a corporation, TERRY WHITE, an
individual, and JOSEPH H. FERREIRA, an
individual,

14
15
16
17

            Defendants.

18

                                                    /

19

**INTRODUCTION**

20

        In this insurance coverage action, a motion for leave to file a third-party complaint

21

against an insurance broker was filed.  For the reasons stated below, this motion is **GRANTED.**

22
23

**STATEMENT**

24

        The main question in this action involving the scope of the movants' insurance coverage

25

is whether an insurance broker can be impleaded.  The facts alleged are as follows.

26

        Defendants Anwar and Benazir Shaikh operate the Acer Hotel on premises leased from

27

Handlery Hotels, Inc.  Defendants Terry White and Joseph Ferreira commenced a separate action

28

in state court against the other defendants, alleging that White was attacked while staying at the

Acer Hotel in April 2010 (the "underlying action").  In the underlying action, White and Ferreira

**United States District Court**
For the Northern District of California

allege that Acer Hotel is liable under theories of negligence and premises liability for the injuries White and Ferreira suffered as a result of the attack.

Movants Anwar and Benazir Shaikh and Acer Hotel took out commercial general liability insurance from Century Surety (plaintiff in the present action).  The movants tendered the defense of the underlying action to Century Surety pursuant to their insurance policy. Century Surety agreed to defend the underlying action but filed the instant declaratory action, alleging that the Century Surety policy excludes coverage for assault and battery.

The movants obtained their insurance policy from Bipin Kapadia, the proposed third-party defendant.  Mr. Kapadia is an insurance broker.  In the proposed third-party complaint, the movants allege that Mr. Kapadia was professionally negligent and fell below the standard of care for an insurance broker (Prop. Compl. ¶¶ 28–29).  No opposition was filed against the instant motion.

**ANALYSIS**

A defendant must obtain leave to file a third-party complaint once 14 days have passed since the original answer was served.  FRCP 14(a)(1).  "The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court."  *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).  "In exercising this discretion, the court typically considers several factors, including (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead."  *Joe Hand Prods., Inc. v. Davis*, No. 12-06166, 2012 WL 6035538, at *1 (N.D. Cal. Dec. 4, 2012) (Judge Claudia Wilken) (internal quotation marks omitted).

Defendants filed their original answer on April 2 (Dkt. No. 15).  Although this motion was filed more than fourteen days later, it is both prompt and unopposed.  Therefore, this order finds that granting leave to file a third-party complaint would not undermine the current schedule or substantially prejudice plaintiff.  Plaintiff Century Surety did not oppose the motion. Under the current case management order, the parties still have over eight months to take fact discovery and nearly a full year before trial is set to begin.  This timeline provides Century

United States District Court

For the Northern District of California

Surety with ample opportunity to respond to the addition of Mr. Kapadia as a party.  The current timeline also allows Mr. Kapadia sufficient time to participate in the proceedings.

**CONCLUSION**

For the foregoing reasons, the movants' motion for leave to file a third-party complaint is **GRANTED**.  Defendants shall file the complaint within one day of this order and properly serve it on Mr. Kapadia by **JUNE 26, 2013**.  In addition, defendants shall advise Mr. Kapadia of the case schedule set forth in the May 9, 2013 order.  The June 20 hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated:  June 12, 2013.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3