IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>ACER HOTEL, BENZIR SHAIKH,<br>ANWAR SHAIKH, HANDLERY<br>HOTELS, INC., TERRY WHITE,<br>JOSEPH FERREIRA,<br><br>  Defendants.<br>                                                        / | No. C 13-00593 WHA<br><br>**ORDER GRANTING MOTION<br>FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

In this insurance coverage action, plaintiff insurer moves for summary judgment on its claim that the insurance policy at issue excludes coverage for assault and battery. For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

The main question is whether the phrase "any . . . assault or battery" fails to cover assaults or batteries by third parties.

   **1.   THE UNDERLYING ACTION.**

Defendants Anwar and Benazir Shaikh operate the Acer Hotel on premises leased from Handlery Hotels, Inc. Defendants Terry White and Joseph Ferreira were hotel guests at the Acer Hotel on April 15, 2010. White and Ferreira allege that while they were residing at the Acer Hotel, White was attacked by another guest of the hotel, one Robert Turner, with a knife.

White and Ferreira commenced a separate action against defendants Anwar and Benazir Shaikh, Acer Hotel, and Handlery Hotels in state court that is still pending. White and Ferreira there assert claims against the Shaikhs, Acer Hotel, and Handlery Hotels under theories of negligence and premises liability for failure to prevent the attack by Turner, willful failure to warn them, failure to respond to the attack appropriately, and negligent infliction of emotional distress.

**2.    THE INSURANCE POLICY.**

On April 15, 2010, the date of the attack, Acer Hotel was the named insured under commercial general liability insurance policy issued by Century Surety Co., plaintiff in the present action. Pursuant to the policy, the Shaikhs and Acer Hotel (collectively "the insured parties") tendered defense of the underlying action to Century. Century agreed to defend the underlying action but filed the instant declaratory action, alleging that the insurance policy excludes coverage for assault and battery.

The insurance policy obligates Century to pay sums that the insured parties becomes legally obligated to pay as damages because of "bodily injury," subject to certain exclusions. The crux of the instant action is an endorsement in the policy entitled "Exclusion — Assault and Battery":

> This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of or resulting from:
>
> (a)    any actual, threatened or alleged assault or battery;
>
> (b)    the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;
>
> (c)    the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;
>
> (d)    the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;
>
> (e)    the negligent:
>
>   (i)    employment;

2

|   |   |   |
|---|---|---|
|   | (ii) | investigation; |
|   | (iii) | supervision; |
|   | (iv) | training; |
|   | (v) | retention; |

of any person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1. (a), (b), (c) or (d) above;

(f) any other cause of action or claim arising out of or as a result of . . . (a), (b), (c), (d) or (e) above.

The parties disagree, in particular, about the interpretation of the word "any" in subsection (a).

Seeking to expand discovery, the insureds argue that the exclusion is limited to acts committed by an insured or someone under the insured's present or past control, *i.e.* an employee. According to the insureds, subsection (a) cannot be read to mean assault or battery *by anyone*. In contrast, seeking to narrow discovery, Century reads subsection (a) to exclude *any* injury arising from assault or battery, regardless of the culprit's identity. This order follows full briefing and oral argument.

**ANALYSIS**

Summary judgment is proper when the pleadings and the evidence in the record "show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(a). A dispute is genuine only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party, and material only if the fact may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

In an insurance coverage action:

> The principles governing the interpretation of insurance policies in California are well settled. Our goal in construing insurance contracts, as with contracts generally, is to give effect to the parties' mutual intentions. If contractual language is clear and explicit, it governs. If the terms are ambiguous (*i.e.*, susceptible of more than one reasonable interpretation), we interpret them to protect the objectively reasonable expectations of the insured. Only if these rules do not resolve a claimed ambiguity do we resort to the rule that ambiguities are to be resolved against the insurer. The "tie-breaker" rule of construction against the insurer stems

3

>from the recognition that the insurer generally drafted the policy and received premiums to provide the agreed protection.
>
>To further ensure that coverage conforms fully to the objectively reasonable expectations of the insured, the corollary rule of interpretation has developed that, in cases of ambiguity, basic coverage provisions are construed broadly in favor of affording protection, but clauses setting forth specific exclusions from coverage are interpreted narrowly against the insurer. The insured has the burden of establishing that a claim, unless specifically excluded, is within basic coverage, while the insurer has the burden of establishing that a specific exclusion applies.

*Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 321–22 (2010) (quotations and citations omitted).

The instant motion turns entirely on the definition of the word "any." Specifically, whether the exclusion in the policy for "bodily injury" arising out of "*any* actual, threatened or alleged assault or battery" applies to the harm inflicted by Turner upon White and Ferreira at the Acer Hotel. Plaintiff insurer contends that the word "any" is a broad term that includes bodily harm inflicted by third parties. The insureds respond that the phrase "any . . . assault or battery" should be understood as being limited to assault or battery committed by Acer Hotel employees. This order agrees with the insurer.

*First*, the insureds argue that because sub-parts (b) through (e) of the exclusion specify that those sub-parts apply to "any insured or anyone else for whom any insured is or could be held legally liable," this same limitation should be read into sub-part (a). This order disagrees. The canon of interpretation cited by the insureds — "*expressio unius est exclusio alterius*;" *i.e.*, that mention of one matter implies the exclusion of all others" — compels the conclusion that the scope of sub-part (a) and the remaining sub-parts are different. In sub-parts (b) through (e), the limitation to the insured and its agents is express and implies the exclusion of third parties. In sub-part (a), there is no such limitation. Thus, there is no implied exclusion of third parties in sub-part (a) and, in context, sub-part (a) clearly covers a broader set of persons that the other sub-parts.

*Second*, the insureds argue that if sub-part (a) is read to apply "to anyone," then the other sub-parts, and sub-part (e) in particular, would be redundant. This order disagrees. It is conceivable that the exclusion could cover harms emanating from the underlying assault. For

4

example, the other sub-parts could cover negligent medical treatment rendered by an employee with the injured party's consent (which would not constitute assault), or negligent supervision an employee providing such medical treatment.

*Third*, the insureds argue that sub-part (a) is ambiguous because it can reasonably be read to apply only when assault and battery is committed by an insured or someone under the insured's control. This contention is not persuasive. "Words used in an insurance policy are to be interpreted according to the plain meaning that a layperson would attach to them." *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998). On its face, sub-part (a) is broadly-written. When interpreted according to its plain meaning, sub-part (a) applies to assaults by "any" person, insured or otherwise. The insureds do not cite any authority holding that a broad use of the word "any" is ambiguous because the clause fails to specify the specific instances in which it applies. This is unsurprising because so holding would defeat the purpose of drafting an exclusion in broad terms. Nor do the insureds cite any authority holding identical or substantially similar policy language to be ambiguous. Indeed, the closest authority cited by the parties held that a policy exclusion for bodily injury "arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of assault or battery" was non-ambiguous and applied to an assault committed by anyone, insured or otherwise. *Zelda, Inc. v. Northland Ins. Co.*, 56 Cal. App. 4th 1252, 1260 (1997).

*Fourth*, the insureds argue that interpreting the word "any" in sub-part (a) to apply to any person would not meet the reasonable expectations of the insured. This argument is just another way of arguing that the language in question is ambiguous. For the reasons already explained, it is rejected.

*Fifth*, during oral argument the insureds contended that California courts have required insurance policies to specify bodily injury committed "by anyone" in order to exclude injuries caused by third parties. None of the decisions cited by the parties, however, ruled on identical or nearly-identical contract language. The closest decision cited by the parties ruled that the following clause *did* exclude bodily injury caused by third parties *without* the words "by anyone": "[bodily injury] arising out of assault or battery, or out of any act or omission in

5

1  connection with the prevention or suppression of an assault or battery." *Zelda, Inc. v. Northland*
2  *Ins. Co.*, 56 Cal. App. 4th 1252, 1260–61 (1997). In comparison, when sub-parts (a) and (f) of
3  the clause in dispute are read together, the clause becomes: "[bodily injury arising out of] any
4  actual, threatened or alleged assault or battery[, or] . . . any other cause of action or claim arising
5  out of or as a result of . . . (a), (b), (c), (d) or (e) above." Although *Zelda* is not dispositive, the
6  language is sufficiently similar to be helpful. The appellate court's decision that the clause in
7  *Zelda*, "by its *plain language*, covers injury or damage arising when someone (not necessarily an
8  insured) commits an act of assault or battery" is persuasive here (*id.* at 1261 (emphasis added)).

9  Finally, the insureds request that the court consider extrinsic evidence of the subjective
10 intent of the Acer Hotel (the contracting defendant). The insureds also request that a ruling on
11 plaintiff's motion be deferred for 90 days so that they can conduct discovery into the subjective
12 intent of the underwriters. Both requests are rejected. "Evidence of the *undisclosed* subjective
13 intent of the parties is irrelevant to determining the meaning of contractual language. It is the
14 outward expression of the agreement, rather than a party's unexpressed intention, which the
15 court will enforce." *Salehi v. Surfside III Condo. Owners' Ass'n*, 200 Cal. App. 4th 1146, 1159
16 (2011) (emphasis added, citations omitted). Here, the outward expression of the contract
17 language is unambiguous and defendants have not identified any potentially *competent* evidence
18 that would be revealed by discovery. The insureds should already know these communications.

19 The conclusion that subpart (a) of the exclusion covers White and Ferreira's claims based
20 on the assault by Turner resolves this action. Because the exclusion covers the underlying act of
21 assault, plaintiff has no duty to defend or to indemnify the insureds against a judgement. In this
22 regard, plaintiff's motion for summary judgment is **GRANTED**.

23 This leaves the issue of reimbursement. Century moves for summary judgment on its
24 entitlement to reimbursement of defense costs incurred on its insureds' behalf. An insurer may
25 seek to recoup defense costs that can be allocated solely to claims that are not even potentially
26 covered so long as the insurer defends subject to an express reservation of rights. *Buss v.*
27 *Superior Court*, 16 Cal. 4th 35, 60–61 (1997).
28

6

As explained above, this order holds that the sub-part (a) exclusion precludes coverage for claims by White and Ferreira against the insureds. Century asserts, and the insureds do not contest, that plaintiff provided a defense subject to an express reservation of rights. Accordingly, this order holds that plaintiff is entitled to reimbursement under *Buss*, and summary judgment on this issue is **GRANTED**.

## CONCLUSION

Plaintiff's motion for summary judgment is **GRANTED**. Because the amount of reimbursement has not yet been determined, and because the insureds have filed a third-party complaint in this action, the file shall remain open in order to resolve these claims.

**IT IS SO ORDERED.**

Dated: July 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE